1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DELISE R. CLINE-PENNELL,

11         Plaintiff,                    No. CIV S-10-2447 JAM DAD PS

12         v.

13   KAISER PERMANENTE,                  ORDER

14         Defendant.

15   _____/

16         This matter was referred to the undersigned in accordance with Local Rule

17   302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.

19         Plaintiff has submitted an in forma pauperis application that makes the showing

20   required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis

21   will therefore be granted.

22         The determination that plaintiff may proceed in forma pauperis does not complete

23   the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court is required to

24   dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or

25   if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

26   seeks monetary relief against an immune defendant.  To state a claim on which relief may be

1

1   granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

2   face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks

3   an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);

4   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5              In considering whether a complaint states a cognizable claim, the court accepts as

6   true the material allegations in the complaint and construes the allegations in the light most

7   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.

8   v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

9   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

10  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

11  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

12  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

13             The minimum requirements for a civil complaint in federal court are as follows:

14             A pleading which sets forth a claim for relief . . . shall contain (1) a
               short and plain statement of the grounds upon which the court's
15             jurisdiction depends . . . , (2) a short and plain statement of the
               claim showing that the pleader is entitled to relief, and (3) a
16             demand for judgment for the relief the pleader seeks.

17  Fed. R. Civ. P. 8(a).

18             Here, plaintiff merely alleges as follows:

19             Plaintiff's claim arises out of violations of the Americans With
               Disabilities Act, 42 USC 12101 et seq.  The matters complained
20             herein occurred in the County of Sacramento, State of California,
               on or about November, 2007 through and including July, 2008.  On
21             June 17, 2010, Plaintiff received a "Right To Sue" letter from the
               Equal Employment Opportunity Commission.

22                                          ***
23             At said time and place, defendant refused, and continues to refuse,
               to accommodate plaintiff's disability or to engage in meaningful
24             dialogue regarding her need for accommodation to perform to
               perform the essential tasks of her employment.

25

26  (Compl. (Doc. No. 1) at 1-2.)

1    The Americans With Disabilities Act ("ADA") prohibits an employer from

2  discriminating against a qualified individual on the basis of a disability.  42 U.S.C. § 12112(a).

3  To establish a prima facie case under the ADA that a defendant failed to accommodate a

4  disability,  plaintiff must demonstrate that: (1) she is disabled within the meaning of the ADA;

5  (2) she is a qualified individual able to perform the essential functions of the job, with reasonable

6  accommodations; and (3) she suffered an adverse employment action because of her disability.

7  Allen v. Pacific Bell, 348 F.3d 1113, 1114 (9th Cir. 2003); Nunes v. Wal-Mart Stores, Inc., 164

8  F.3d 1243, 1246 (9th Cir. 1999).  Here, plaintiff fails to allege in her complaint the nature of her

9  disability, that she was otherwise qualified to perform the position with reasonable

10  accommodations, and that she suffered an adverse employment action because of her disability.

11    Moreover the quoted allegation  reproduced above essentially represents

12  plaintiff's complaint in its entirety.  Although the Federal Rules of Civil Procedure adopt a

13  flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims

14  and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P.

15  8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading

16  that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action

17  will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further

18  factual enhancements.'"  Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

19  Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity

20  overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at

21  649.  A complaint must also contain "a short and plain statement of the grounds for the court's

22  jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

23    Here, plaintiff's complaint is so factually sparse, vague and conclusory that it fails

24  to satisfy the minimum requirements for a civil complaint in federal court and does not state a

25  cognizable claim.  Accordingly, plaintiff's complaint will be dismissed for failure to state a

26  claim.

3

1          The undersigned has carefully considered whether plaintiff may amend her

2    complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

3    amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

4    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

5    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

6    while leave to amend shall be freely given, the court does not have to allow futile amendments).

7    However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

8    dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

9    support of [her] claim which would entitle [her] to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

10   1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.

11   Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

12   amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

13   cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

14   1988)).

15          Here, because of the vague and conclusory nature of plaintiff's complaint the

16   court cannot say that it appears beyond doubt that leave to amend would be futile.   Plaintiff's

17   original complaint will therefore be dismissed, and she will be granted leave to file an amended

18   complaint.  Plaintiff is cautioned however that, if she elects to file an amended complaint, "the

19   tenet that a court must accept as true all of the allegations contained in a complaint is

20   inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

21   supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.  "While

22   legal conclusions can provide the complaint's framework, they must be supported by factual

23   allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from

24   conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

25          Plaintiff is also reminded that any amended complaint she elects to file in this

26   action must be complete in itself without reference to prior pleadings that have been dismissed.

4

1   <u>See</u> Local Rule 220.  The court cannot refer to prior pleadings in order to make plaintiff's first

2   amended complaint complete.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Moreover,

3   any amended complaint must set forth factual allegations describing the conduct and events

4   which underlie her claims against each defendant named in the pleading.

5                       Accordingly, IT IS HEREBY ORDERED that:

6                       1. Plaintiff's September 13, 2010 application to proceed in forma pauperis (Doc.

7   No. 2) is granted.

8                       2. The complaint filed September 13, 2010 (Doc. No. 1) is dismissed with leave to

9   amend.

10                      3. Within thirty days from the date of this order, an amended complaint shall be

11  filed that cures the defects noted in this order and complies with the Federal Rules of Civil

12  Procedure and the Local Rules of Practice.  The amended compliant must bear the case number

13  assigned to this action and must be titled "Amended Compliant."

14                      4. Failure to respond to this order in a timely manner may result in a

15  recommendation that this action be dismissed.

16  DATED: May 9, 2011.

17

18                                                      DALE A. DROZD
                                                        UNITED STATES MAGISTRATE JUDGE
19  DAD:6
    Ddad1\orders.prose\cline-pennell2447.ifp.ord

20

21

22

23

24

25

26